IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-01265-WJM-BNB

KOLLEEN BURRIS,

Plaintiff,

v.

COMCAST OF COLORADO IX, LLC, and
MARK BIRKHOLZ, in all capacities,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on **Defendants' Unopposed Motion to Hold Case In Administrative Abeyance** [Doc. # 101, filed 2/17/2012] (the "Motion"). The Motion reports that the parties have reached a settlement of the case but that the settlement must be approved by the Bankruptcy Court. The defendants ask that the case be "held in administrative abeyance pending the Bankruptcy Court's approval. . . ." The parties do not indicate how long that approval may take.

I do not understand the term "administrative abeyance." Local rule of practice 41.2, D.C.COLO.LCivR, provides for the administrative closure of a case as follows:

> A district judge or a magistrate judge exercising consent jurisdiction may direct the clerk of the court to close a civil action administratively subject to reopening for good cause.

I will construe the Motion as seeking administrative closure pending the approval of the settlement by the Bankruptcy Court.

I respectfully RECOMMEND that this action be closed administratively subject to reopening for good cause, if appropriate, after the approval of the settlement by the Bankruptcy

Case 1:10-cv-01265-WJM-BNB   Document 103   Filed 02/22/12   USDC Colorado   Page 2 of 2

Court.

Further, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated February 22, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge